Gregory BROWN, Claimant/Appellant,

v.

STCH, LLC RIVERS EDGE RETIREMENT and Division of Employment Security, Respondents.

No. ED 88911.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 16, 2007.

Gregory Brown, Warrenton, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Gregory Brown (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review of the denial of unemployment benefits. The appeal is dismissed.

After a deputy of the Division of Employment Security (Division) awarded Claimant unemployment benefits, his employer sought review with the Appeals Tribunal. On July 14, 2006, the Appeals Tribunal reversed the deputy's determination and concluded that Claimant was disqualified from receiving unemployment benefits, because he had been discharged for misconduct connected with his work. Claimant then filed an application for review with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting that his application for review to the Commission was untimely. As a result, the Commission and this Court are without jurisdiction to review his case. Claimant has not filed a response to the motion.

Section 288.200.1, RSMo 2000, provides that an aggrieved party in an unemployment matter has thirty (30) days from the mailing of the Appeals Tribunal decision to file an application for review with the Commission. The statute sets forth no exceptions to the thirty-day requirement. As a result, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Butler v. M.W.S. Enterprises, Inc.*, 199 S.W.3d 912, 913 (Mo.App. E.D.2006).

Here, the Appeals Tribunal mailed its decision to Claimant on July 14, 2006. Under section 288.200.1, Claimant's application for review was due thirty days later, on Monday, August 14, 2006. Section 288.240, RSMo 2000 (if the last day for filing is a Saturday, Sunday, or legal holiday, the filing is due on the next business day). Claimant mailed his application for review to the Commission on September 12, 2006, and it is deemed filed that day under section 288.240. Claimant's application for review was untimely. Without a timely application for review, the Commission had no jurisdiction over Claimant's case. This Court's jurisdiction is derived from that of the Commission, and if it does not have jurisdiction, then neither do we. *Id.* Our only recourse is to dismiss the appeal.

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.